## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND


<u>Mary Seguin</u>

    v.                             Civil No. 13-cv-095-JNL-LM

<u>Paul Suttell et al.</u>[1]


## O R D E R

Before the court is plaintiff Mary Seguin's "Motion to Disclose Recusal Reasons on the Record and to Assign to the District of Massachusetts or Puerto Rico" (doc. no. 2).  No objection has been filed.  Also pending is defendants' motion for extension of time to file an answer (doc. no. 9), to which plaintiff objects (doc. no. 11).  These motions are before this magistrate judge for a ruling, pursuant to 28 U.S.C. § 636(b)(1), and prior orders in this case.

---

[1]In addition to Rhode Island Supreme Court Chief Justice Paul Suttell, the complaint names as defendants: Providence, Rhode Island Police Department Chief Hugh T. Clements, Jr.; Rhode Island Family Court mediator and guardian ad litem Lori Giarrusso; and the following Rhode Island state government officials, all sued in their individual and official capacities: Governor Lincoln D. Chafee; Health and Human Services Secretary Steven M. Constantino; Child Support Office Director Sharon A. Santilli and staff attorney Priscilla Glucksman; Family Court Chief Judge Haiganush Bedrosian; and Associate Judges John E. McCann, III, Stephen J. Capineri, and Michael B. Forte; Attorney General Peter Kilmartin; and State Police Chief Steven G. O'Donnell.

Background

Seguin has sued a number of Rhode Island defendants, including the governor, the chief justice of the Rhode Island Supreme Court, and the chief judge and associate judges of the Rhode Island Family Court.  Seguin characterizes this action as involving allegations of corruption, retaliation for Seguin's exercise of her First Amendment rights, and discrimination on the basis of race or ethnicity.  All of the federal judges in the District of Rhode Island recused themselves, and the matter was referred to the District of New Hampshire for assignment to a district judge.  See Order (doc. no. 3).  The District of New Hampshire chief judge concurred in the referral (doc. no. 4), and the court assigned the matter to Judge Laplante.

Seguin's motion (doc. no. 2) seeks a statement of the reasons why the federal judges in Rhode Island recused themselves in this matter, and further seeks re-assignment of this case to a judge from either the District of Massachusetts or the District of Puerto Rico, to avoid the "appearance of impropriety" and to ensure that the presiding judge is familiar with the "racial discrimination and diversity issues" she alleges.  Plf's Mot. at 5.

Discussion

I.   Motion for Recusal Reasons and Reassignment

A.   Statement of Reasons

All of the judges in the District of Rhode Island recused
themselves sua sponte in this action, without detailing the
reasons therefor.  Seguin seeks disclosure of their reasons
because she suspects that those judges recused themselves
pursuant to a prearrangement with the District of New Hampshire,
whereby the receiving judge in New Hampshire agreed to dismiss
her claims, regardless of the merits.  She cites the dismissal
of her two prior actions by a judge in the District of New
Hampshire, sitting by designation,[2] and the dismissal of a third
case, McKenna v. DeSisto, No. 11-cv-602-SJM-LM, 2012 WL 4486268
(D.R.I. Sept. 27, 2012), which the First Circuit affirmed "for
substantially the reasons set forth" in the district court's

---

[2]See Seguin v. Bedrosian, No. 12-cv-614-JD-LM (D.R.I.);
Seguin v. Chafee, No. 12-cv-708-JD (D.R.I.).  Judge DiClerico,
presiding in Bedrosian and Chafee, dismissed those two cases,
and Seguin's appeals of the relevant orders are pending in the
First Circuit.  See Bedrosian, No. 12-cv-614-JD-LM, 2013 WL
367722 (D.R.I. Jan. 30, 2013), appeal filed, No. 13-1242 (1st
Cir. Feb. 19, 2013); Chafee, No. 12-cv-708-JD, 2012 WL 6553621
(D.R.I. Dec. 14, 2012), appeal filed, No. 13-1241 (1st Cir. Feb.
20, 2013).  A third case filed by Seguin naming similar
defendants, Seguin v. Textron, No. 13-cv-012-SJM-LM (D.R.I.
filed Jan. 10, 2013), is pending before Judge McAuliffe, who is
also sitting in the District of Rhode Island by designation.

order.  See McKenna v. DeSisto, No. 12-2217, slip op. at 1 (1st Cir. June 10, 2013).  Seguin further contends that the recusal of the Rhode Island judges without a statement of reasons smacks of an intent to cover up state judicial corruption in Rhode Island.

It is not generally the role of the judge receiving a case after a recusal to record the reasons why the recusal occurred. Whether to detail the reasons in the first place is an issue generally committed to the recusing judge's discretion.  "Judges are 'under no obligation to provide a statement of reasons for recusal,' and typically do not make any record when, as here, they recuse themselves sua sponte."  United States v. Casas, 376 F.3d 20, 23 (1st Cir. 2004) (citation omitted).  "Indeed in some circumstances a judge's silence on such a matter would be appropriate to avoid indirectly influencing other judges." Hampton v. City of Chicago, 643 F.2d 478, 480 (7th Cir. 1981). Seguin's assertion of a cover-up, based solely on speculative claims of prejudicial agreements and an inter-judicial conspiracy, not grounded in any facts to support her assertions, does not provide grounds for granting her motion.  Accordingly, the motion seeking a statement of reasons for recusal is denied.

B.   <u>Assignment to New Hampshire Judicial Officers</u>

1.   <u>Judge Laplante</u>

Seguin asserts that this action is not properly before Judge Laplante, and that the chief judge of the First Circuit must act on her motion by assigning this case to another judge, pursuant to authorities including 28 U.S.C. § 292(b).  Seguin is mistaken on both counts.

When all of the judges in the District of Rhode Island recused themselves, the matter was referred out of the district. A federal statute, 28 U.S.C. § 292(b), authorizes the chief judge of the relevant circuit, in the public interest, to designate and assign a district judge within that circuit to sit temporarily by designation in another district within the same circuit.  On December 31, 2012, First Circuit Chief Judge Lynch determined that the public interest warranted the designation and assignment of Judge Laplante to sit in the District of Rhode Island for cases (like this case) filed in 2013.  The relevant order so designating Judge Laplante is on file in the clerks' offices in the Districts of New Hampshire and Rhode Island, and is attached hereto as Exhibit A.  <u>See</u> Ex. A, Designation of District Judge Laplante for Service in Another District Within His Circuit (Dec. 31, 2012).  Judge Laplante is thus authorized

5

to preside in this case.  See <u>McDowell v. United States</u>, 159
U.S. 596, 601 (1895) (out-of-district judge's orders were not
open to question because judge was qualified de facto by virtue
of circuit court chief judge's order of assignment); <u>see also</u>
<u>Riley v. United States</u>, No. 1:12-CV-00047-GZS, 2013 WL 762358,
*2 (D.N.H. Jan. 28, 2013) (out-of-district judge's authority to
preside in case in which he sat by designation derived from
judge's underlying Article III powers), <u>report and</u>
<u>recommendation adopted</u>, 2013 WL 754861 (D.N.H. Feb. 25, 2013).

     Furthermore, Seguin lacks standing to challenge the order
designating Judge Laplante to sit in cases in the District of
Rhode Island.  See <u>United States v. Royals</u>, 777 F.2d 1089, 1091
(5th Cir. 1985); <u>Reynolds v. Lentz</u>, 243 F.2d 589, 590 (9th Cir.
1957) ("it is well settled that [plaintiffs] have no standing to
question the validity of the designation of [an out-of-district
judge] or his right to sit as a Judge in the court below").
Accordingly, the motion to reassign this action is denied, to
the extent it asserts that Judge Laplante lacks authority to
preside in this case.

     2.   <u>Magistrate Judge McCafferty</u>

     Seguin contends that the referral of matters to the
undersigned magistrate judge is unauthorized, and generates an

6

appearance of impropriety.  A federal statute, 28 U.S.C.
§ 636(f), authorizes the temporary assignment of a magistrate
judge from another district to perform duties under 28 U.S.C.
§§ 636(a), (b), or (c), on an emergency basis, and upon the
concurrence of the chief judges of the affected districts.  Such
a referral and concurrence occurred in this case, as the recusal
of all of the judges in the District of Rhode Island created an
emergency for purposes of applying § 636(f).  See Orders (doc.
nos. 3 and 4).  Therefore, the undersigned magistrate judge is
duly authorized to perform duties in this action.

> 3.   Appearance of Impropriety

Seguin contends that the referral of matters to the
District of New Hampshire, and particularly to the undersigned
magistrate judge, generates an appearance of impropriety,
warranting reassignment.  A federal district judge or magistrate
judge must recuse himself or herself if the judge's
"impartiality might reasonably be questioned," 28 U.S.C. §
455(a), or if the judge presiding over the matter would create
an "'objective appearance'" of partiality.  United States v.
Pulido, 566 F.3d 52, 63 (1st Cir. 2009) (citations omitted).  To
avoid unnecessary delays and a waste of judicial resources,
unnecessary recusals are to be avoided.  See United States v.

Snyder, 235 F.3d 42, 46 (1st Cir. 2000).  "Thus, under § 455(a) a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." Id. (footnote omitted).

Seguin contends that (1) I am neither sufficiently experienced, nor expert in Rhode Island law and corruption to hear this matter; and (2) I have made recommendations to Judge DiClerico, sitting by designation in related cases, to issue orders which Seguin considers erroneous.  Even if all of Seguin's allegations were true, they would be legally insufficient to justify recusal.  The court's alleged lack of expertise in a particular subject matter is not relevant to whether the court's impartiality might reasonably be questioned, and allegedly erroneous rulings or recommendations in related proceedings do not give rise to any requirement that the judge recuse herself or himself in a subsequent proceeding.  Cf. Liteky v. United States, 510 U.S. 540, 551 (1994) ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.").  Erroneous rulings may be a proper ground for appeal, but not for recusal.  See id. at 554.

Nothing in the record generates any reasonable question as to the impartiality of any judicial officer in New Hampshire. Accordingly, the request to reassign the matter to judicial officers in Massachusetts or Puerto Rico is denied, to the extent it is based on Seguin's contentions about an appearance of impropriety.

    4.   <u>Populations</u>

Seguin asserts that the racial components of the population of Northern New England renders judges in Massachusetts or Puerto Rico more familiar with "discrimination and diversity" issues pertinent to her claims than judges from the District of New Hampshire. Seguin cited similar U.S. Census statistics when she sought Judge DiClerico's recusal in another case, arguing that a decision in that case would impact a relatively small number of Spanish-speaking homes in New Hampshire. <u>See</u> <u>Chafee</u>, No. 12-cv-708-JD, 2013 WL 124301, at *2 (D.R.I. Jan. 9, 2013). This court, similarly, finds Seguin's arguments based on population statistics to be unavailing in her quest to have this case reassigned to a judge from Massachusetts or Puerto Rico. Accordingly, the court denies Seguin's motion (doc. no. 2).

II.  Extension

Defendants seek an extension, until July 24, 2013, to file their response to the complaint.  Defendants assert that they require additional time to examine the complaint, which includes more than 150 pages and 160 paragraphs, and to evaluate the suitability of an argument seeking this court's abstention from this action.  The court finds good cause for the requested extension, and grants the motion.

Conclusion

For the foregoing reasons, plaintiff's motion (doc. no. 2) is denied, and defendants' motion (doc. no. 9) is granted. Defendants shall file their response to the complaint by July 24, 2013.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge
Sitting by Designation

July 8, 2013

cc:  Mary Seguin, pro se
     Rebecca Tedford Partington, Esq.
     Susan Urso, Esq.

LBM:nmd