**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

<u>Mary Seguin</u>

   v.                                          Civil No. 13-cv-095-JNL-LM

<u>Hon. Paul Suttell et al.</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

Before the court is defendants' motion (doc. no. 34) for a temporary stay, seeking an order preventing plaintiff from filing pleadings and motions until after this court rules on defendants' September 5, 2013, motion to dismiss (doc. no. 46). Plaintiff has not responded to the defendants' motion for a temporary stay.

<u>Discussion</u>

This court has authority to regulate the conduct of abusive litigants by, among other things, enjoining the filing of

---

[1] In addition to Rhode Island Supreme Court Chief Justice Paul Suttell, plaintiff has named, as defendants, her daughters' father, Gero Meyersiek; Providence Police Department Chief Hugh T. Clements, Jr.; Rhode Island Family Court mediator and guardian ad litem Lori Giarrusso; and the following Rhode Island state government officials, all sued in their individual and official capacities:  Governor Lincoln D. Chafee; Health and Human Services Secretary Steven M. Constantino; Child Support Office Director Sharon A. Santilli and staff attorney Priscilla Glucksman; Family Court Chief Judge Haiganush Bedrosian and Associate Judges John E. McCann, III, Stephen J. Capineri, and Michael B. Forte; Attorney General Peter Kilmartin; and State Police Chief Steven G. O'Donnell.  <u>See</u> Am. Compl., at 1 (doc. no. 25).

frivolous or vexatious motions. See Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993); see also Sires v. Fair, 107 F.3d 1, 1997 WL 51408, at *1 (1st Cir. 1997) (unpublished table decision) ("'in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious [motions] may be appropriate'" (citation omitted)). "[L]itigiousness alone will not support an injunction against a plaintiff," and "the use of such measures against a pro se plaintiff should be approached with particular caution." Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980) (citations omitted). Generally, a filing restriction "should not be considered absent a request by the harassed defendants." Id.

In their motion for a temporary stay of filings (doc. no. 34), defendants claim that Seguin's pleading practices have been harassing and abusive in this case and in related litigation she has filed in this court. Defendants cite examples from the record in this case and from related cases, including what they call an unnecessarily inflated docket in Seguin v. Bedrosian, No. 13-cv-614 (D.R.I.), an action asserting similar claims against many of the same defendants. This court dismissed that

2

case, and an appeal is currently pending in the First Circuit. See id. (D.R.I. Jan. 30, 2013) (judgment), appeal docketed, No. 13-1242 (1st Cir. Feb. 19, 2013).

The court finds ample support for defendants' claims of harassment and abusive filings in the examples they cite. Furthermore, this court notes that plaintiff's pleading practices in this case have included the filing of "emergency" motions without a showing of exigency, see, e.g., Doc. Nos. 48, 54-56, and 64-68, and the filing of lengthy, repetitive motions employing cut-and-paste arguments, see, e.g., Doc. Nos. 12, 20, 22, 27, 28, 31, 41, 44, 50 (requesting that court take judicial notice, of, among other things, systemic bias in Rhode Island state courts and/or documents plaintiff characterizes as exhibiting such bias). Plaintiff has used this case as a bully pulpit to accuse defendants' counsel of lying, see, e.g., Doc. No. 54, at 14, and Doc. No. 68, at 14, and to cast aspersions on federal judges who are not assigned to this case, see, e.g., Doc. No. 68, at 14 ("Federal judges DiClerico and Mary Lisi have a common track record of legitimizing fraud in the state courts in Rhode Island . . . ."). She has twice sought this court's recusal without raising substantial grounds for reconsideration of the first order denying such relief, see Order (doc. no. 19) (denying motion for recusal (doc. no. 2)), and without timely

3

seeking the district judge's reconsideration of the first order, pursuant to this court's local rules.  See Doc. No. 64; see also LR CV 72(c) (party seeking to appeal magistrate judge's non-dispositive motion to district judge must do so within fourteen days).  Moreover, plaintiff's practice of including multiple motions in a single document has resulted in an unnecessarily complicated and convoluted docket.  See, e.g., Doc. Nos. 39, 43-44, 54-56, and 64-68.

In sum, plaintiff's pleading style and practices in this case have been vexatious and abusive, and have wasted the court's and parties' resources.  This court's issuance of a narrowly-tailored filing restriction set forth below is warranted to avoid further harassment of defendants and unnecessary resource expenditures, while defendants' Rule 12(b)(6) motion (doc. no. 46) is pending.

## Conclusion

For the foregoing reasons the district judge should enter the following order, granting defendants' motion for a temporary stay (doc. no. 34) and imposing a time-limited filing restriction upon plaintiff in this case, as set forth below:

 1.  The defendants' motion (doc. no. 34) is GRANTED.

 2.  Plaintiff is ordered to cease filing any motions, pleadings, or notices after the date of this order granting defendants' motion (doc. no. 34), until the district judge

4

rules on the motion to dismiss (doc. no. 46), except as follows:

    a. Seguin may file one objection or other response to each motion filed by defendants while this filing restriction remains in effect, within the time allowed by LR Cv 7(b);

    b. Seguin may file one objection or other response to defendants' September 5, 2013, motion to dismiss (doc. no. 46) while this filing restriction remains in effect, within the time allowed by the court for filing that response;

    c. After the magistrate judge issues a report and recommendation on the September 5, 2013, motion to dismiss (doc. no. 46), Seguin may file one objection or other response to that report and recommendation within fourteen days of the date of that report and recommendation; and

    d. Seguin may file a motion to extend the deadlines set forth herein, if she demonstrates good cause for extending those deadlines.

3. Except as to those motions, objections, and responses listed in Paragraphs 2(a)-(d) of this order, which Seguin may file without first seeking the court's leave, the court may summarily deny any motion or other document requesting relief that Seguin files in this case while defendants' motion to dismiss (doc. no. 46) remains pending, <u>unless</u> she simultaneously files a motion seeking the court's leave to file that document, and demonstrates the basis upon which Seguin asserts a right or need to file the document. In addition, Seguin must attach the document she proposes to file as an exhibit to her motion seeking leave to file that document.

4. Unless otherwise ordered by this court, defendants need not respond to any notice, pleading, or motion currently pending, or filed by Seguin after the date of this order, while this filing restriction remains in effect.

5. Unless otherwise ordered by this court, the conditions and restrictions set forth in Paragraphs 2-4 of this order

shall terminate when the district judge either rules on the motion to dismiss (doc. no. 46), or accepts, rejects, or modifies the magistrate judge's report and recommendation on that motion to dismiss, whichever occurs first.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

    _____
    Landya McCafferty
    United States Magistrate Judge

October 2, 2013

cc:  Mary Seguin, pro se
    Rebecca Tedford Partington, Esq.
    Susan Urso, Esq.

LBM:nmd