**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

<u>Mary Seguin</u>

   v.                                         Civil No. 13-cv-095-JNL-LM

<u>Hon. Paul Suttell et al.</u>

**O R D E R**

Before the court are nine motions filed by plaintiff (doc. nos. 39-42, 44, 50, and 54-56), requesting that the court take judicial notice of certain facts; hold evidentiary hearings on the alleged existence of bias in the Rhode Island state court system and her claims of perjury, fraud, and extortion; and/or refer for prosecution or investigation alleged perjury, "federal crimes[,] and human rights violations" she describes in her pleadings.[1]  Defendants have objected to six of those motions.

---

[1] The nine motions are comprised of seven documents, many of which include multiple requests for relief.  The clerk's office docketed Seguin's September 18, 2013, filing three times, because Seguin's title for that motion indicates that three types of relief were requested.  <u>See</u> Doc. Nos. 54-56. Additionally, a number of the motions seek relief that this court has previously denied.  Document No. 56, for example, includes a request that this court allow plaintiff to file documents electronically; this court, in a September 23, 2013, order (doc. no. 61), denied a similar request made in a separately-docketed motion.  To the extent Sequin's repetitive motions can be read to request the magistrate judge's reconsideration of earlier rulings, this court finds no ground for reconsideration.  As none of the relevant motions appears intended to seek the district judge's reconsideration of the magistrate judge's rulings, pursuant to LR Cv 72(c) and 28

See Doc. Nos. 45, 47, 51, 52, 53, and 62. Plaintiff has replied to one of defendants' objections. See Doc. No. 49 (plaintiff's reply to defendant's objection (doc. no. 45)).

I.  Judicial Notice

In general, the pending motions include requests that this court take judicial notice of certain facts, including:

- the existence of corruption and bias in Rhode Island state government and in the state court system;

- court documents from cases involving Gero Meyersiek;

- demographic statistics about Providence, Rhode Island;

- the existence of certain newspaper articles, blogs, and websites; and

- the employment history and relationships among certain individuals in Rhode Island, including public officials and judges.

See, e.g., Doc. No. 54, at 6 (plaintiff moves court to take judicial notice of Meyersiek court documents). By seeking judicial notice of these "facts," plaintiff is attempting to lay the groundwork for an as-yet-unfiled objection to defendants' September 5, 2013, motion to dismiss (doc. no. 46).

This court may take judicial notice of adjudicative facts at any time if the fact "is not subject to reasonable dispute"

---

U.S.C. § 636(b)(1)(A), none are construed as requiring the district judge's disposition.

either because it is "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "'A <u>high degree of indisputability</u> is an essential prerequisite,' before the court should take judicial notice of any adjudicative fact." United States v. Bello, 194 F.3d 18, 23 (1st Cir. 1999) (emphasis in original) (citation omitted).

Plaintiff requests that this court take notice of systemic bias in the Rhode Island state courts. This court has previously denied a similar request and finds no reason to reconsider that order. <u>See</u> Order (Aug. 20, 2013) (doc. no. 38).

As to plaintiff's requests concerning the court taking judicial notice of articles, blogs, and websites, which she has reproduced and filed as exhibits to her motions, the court takes judicial notice of the readily ascertainable fact that those publications exist, but declines to take notice of their contents or of plaintiff's characterizations of their significance. <u>See</u> Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 401 n.14 (3d Cir. 2006) (courts may "'take judicial notice of newspaper articles for the fact of their publication'" (citation omitted)). Similarly, the court takes judicial notice of the existence of

3

the court documents filed as exhibits to Document No. 54, and further takes judicial notice that the United States Census Bureau has reported a statistic for the percentage of the population over age 5 living in households in Providence, Rhode Island, where a language other than English is spoken at home. In so ruling, however, the court expressly declines to accept the truth of plaintiff's characterization of any court document or demographic statistic.

The court denies plaintiff's remaining requests for judicial notice.  The court further cautions plaintiff not to clutter this court's docket with repetitive motions for judicial notice of matters that are, at best, tangentially connected to issues in this case.

II.  Hearings as to Bias

The pending motions also include a request that this court hold an evidentiary hearing to "adequately vet the issue of, and to adequately scrutinize the issue of structural bias and actual bias in the Rhode Island court system, both the state and federal benches."  That motion is denied, given that this case remains in the pleading stage.  Furthermore, the scope of the hearing requested exceeds the scope of issues in this case.

4

III. Investigation or Prosecution

In her pending motions, Seguin has requested that this court hold a hearing on, or refer for investigation or prosecution of, plaintiff's allegations of perjury, fraud, corruption, and bias in the Rhode Island state government and court system.  Nothing in the record suggests that any hearing or referral is necessary.  Moreover, there is no federal right to have alleged criminal wrongdoers brought to justice.  See Leeke v. Timmerman, 454 U.S. 83, 87 (1981); Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another")).  Accordingly, the court denies plaintiff's motions seeking hearings and/or referrals for investigations and prosecutions.

## Conclusion

The court GRANTS in part the requests for judicial notice set forth in Document Nos. 39-42, 44, 50, and 54, to the extent that the court takes judicial notice of the existence of the articles, websites, blogs, court documents, and demographic statistics cited by plaintiff and attached as exhibits to those

5

motions.  The court DENIES the remaining relief sought in Document Nos. 39-42, 44, 50, and 54-56.

    SO ORDERED.

                                    _____
                                    Landya McCafferty
                                    United States Magistrate Judge

October 2, 2013

cc:   Mary Seguin, pro se
      Rebecca Tedford Partington, Esq.
      Susan Urso, Esq.

LBM:nmd